U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 7 2010
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUNTER MICHAEL DAVENPORT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:09-CV-467-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Hunter Michael Davenport, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

On May 4, 2005, a jury convicted petitioner of two counts of sexual assault of a child younger than fourteen years of age in the Criminal District Court Number Two of Tarrant County, Texas.

Petitioner is serving concurrent 32-year sentences assessed by the trial court. (Clerk's R. at 81) The state appellate court summarized the evidence at trial as follows:

> Appellant married Crystal in 1997. At the time, Crystal had two daughters, A.S. and K.S. Appellant took on the role of stepfather to Crystal's two daughters. The couple had one child, H.D., together in 1998. When A.S. was eleven years old, Appellant told A.S. that she needed to learn how to defend herself. He said that if anyone came into the house and tried to rape her, she should know how to untie herself in order to get away. Appellant said she should practice untying herself while naked because she would probably be naked if someone came into the house.
>
> Over time, Appellant developed a strong bond with A.S. and became the "cool dad." He would give A.S. cigarettes and alcohol. Appellant began using alcohol as a reward for a hug or a kiss. The kissing became more intimate, "touching came along" with it, and Appellant began frequently making out with A.S. When she was twelve, Appellant had sex with her for the first time. Appellant began having sex with A.S. on a regular basis. Crystal had suspected something was going on between Appellant and A.S., but every time she confronted them, they denied it. Around March of 2003, A.S. discovered she was pregnant. She told Crystal that the father was a boy at her school named Arsenio, although A.S. and Appellant thought that Appellant was the father. It was later discovered that another boy was the father.

Petitioner admitted to the offense both orally to law enforcement and in letters to his mother after he was incarcerated, which she voluntarily supplied to the state. *Ex parte Petitioner*, Appl. No. WR-66,385-03, at 34. Petitioner did not testify at trial or call fact or character witnesses.

Petitioner's convictions were affirmed on appeal and his petition for discretionary review was refused. *Petitioner v. Texas*, No. 2-05-170-CR, slip copy (Tex. App.–Fort Worth June 15, 2006); *Petitioner v. Texas*, PDR No. 1470-07. Petitioner also sought state postconviction habeas relief by filing three applications for writ of habeas corpus, to no avail. *Ex parte Petitioner*, Application Nos. WR-66,385-01 through WR-66,385-04, at cover. This federal petition followed, wherein petitioner claims he received ineffective assistance of trial counsel and was denied the right to raise the issue on appeal.[1] (Petition at 7)

## II. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b) and that the petition is neither barred by limitations nor subject to the successive petition bar. (Resp't Answer at 5)

---

[1] Petitioner attaches two pages of the state's response to his first state habeas application, which include a laundry list of ineffective assitance claims. *Ex parte Davenport*, No. WR-385-02, at 2. Doing so does not operate to properly raise any additional claims listed therein in this federal habeas action.

3

## III. Discussion

### 1. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

4

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, typically it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. *Ineffective Assistance of Counsel*

Petitioner claims he received ineffective assistance of trial counsel because counsel failed to (1) discuss his case with him, respond to his letters, accept his phone calls, return family members' phone calls, and give him advice and instruction before trial, (2) gather specific evidence, and (3) interview witnesses. Petitioner further claims he was denied his right to raise his ineffective assistance claims on appeal because trial counsel was also appointed to represent him in his appeal.

5

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where the state courts have applied the *Strickland* attorney-performance standard to factual findings, a federal court will defer to the state courts' determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a

6

decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

In the state habeas proceeding, the state habeas judge, who also presided over petitioner's trial, conducted a hearing by affidavit and entered findings of fact, which were adopted by the Texas Court of Criminal Appeals, refuting petitioner's allegations. Applying the *Strickland* standard to its factual findings, the state court concluded petitioner had failed to demonstrate that counsel's representation was deficient or that but for counsel's alleged acts or omissions, the result of petitioner's trial or appeal would have been different. The state court's findings and conclusions are consistent with the record.

Petitioner claims trial counsel was ineffective by failing to discuss his case with him, respond to his letters, accept his phone calls, return family members' phone calls, and advise or instruct him before trial. In response, counsel testified that during the course of his representation he interviewed petitioner as to his past and the facts of the offense and took that information into account in preparing for trial and presenting defensive matters. *Ex parte Davenport*, WR-66,385-01, at 21. Counsel testified that he

communicated all plea offers to petitioner, reviewed the many letters from petitioner, and responded to petitioner's communications, whether made orally or in writing. Counsel further testified that the affidavits of petitioner's family members regarding his communications with petitioner had no factual basis in that they were not parties to those communications. *Ex parte Petitioner*, WR-66,385-03, at 33. Based on counsel's affidavit, the state habeas court found that counsel personally interviewed petitioner, responded to petitioner's communications, orally or in writing, and kept in touch with petitioner the entire duration of his representation. *Ex parte Petitioner*, Appl. No. WR-66,385-04, at 36 & WR-66,385-03, at 59. The state habeas court concluded petitioner received effective assistance of counsel, absent evidence by petitioner that additional interviewing, better communication, or additional preparation on counsel's part would have affected the outcome of the trial. *Ex parte Davenport*, WR-66,385-01, at 36. The state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness under § 2254(e)(1), absent clear and convincing evidence in rebuttal, such showing not having been demonstrated by petitioner. *Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009).

Petitioner claims trial counsel was ineffective by failing to gather evidence of numerous emails from A.S. to his work email in order to show the jury that A.S. pursued him. Counsel testified that he attempted to retrieve the alleged emails but was unable to do so because petitioner's employer had erased them. *Ex parte Davenport*, WR-66,385-01, at 20. Counsel nevertheless concluded it was irrelevant whether A.S. initiated or encouraged the relationship because it made no difference legally given the ages of A.S. and petitioner. *Ex parte Davenport*, WR-66,385-01, at 22 & WR-66,385-03, at 34; TEX. PENAL CODE ANN. § 21.02(g) (Vernon Supp. 2009). The state habeas court entered findings consistent with counsel's testimony and concluded that the emails would not have affected the outcome of petitioner's trial. *Ex parte Davenport*, WR-66,385-01, at 29, 34-35. The Court agrees. Counsel is not ineffective under *Strickland* by failing to gather and present evidence that would have been irrelevant to the defense. *United States v. Harris*, 408 F.3d 186, 191 (5th Cir. 2005)

Petitioner claims trial counsel was ineffective by failing to interview and/or call witnesses on his behalf. Complaints of uncalled witnesses are not favored in federal habeas corpus review, because presentation of testimonial evidence is a matter of trial

strategy and because of their highly speculative nature. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). To prevail on an ineffective assistance claim based on counsel's failure to call witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that testimony would have been favorable to a particular defense.

Counsel testified that he attempted to locate and interview the witnesses provided by petitioner, but some of the witnesses could not be located and those who were located could not or would not provide relevant and favorable testimony. Counsel averred that the content of the witnesses' testimony was comparable to other witnesses he spoke with, and, in some instances, he questioned the veracity of the potential testimony. Counsel chose not to secure the attendance of those witnesses because they were not able to give credible and admissible testimony. *Ex parte Petitioner*, WR-66,385-01, at 30. Counsel further explained that neither petitioner's step-father or father could have provided information or admissible testimony concerning the crime because they both were aware that petitioner gave a video confession to the police, which

they knew to be true, and that neither one could testify that the crime or relationship did not occur.

The state habeas court entered findings consistent with counsel's affidavit and concluded that, absent evidence to the contrary, testimony from the uncalled witnesses would have been neither helpful nor would it have affected the outcome of petitioner's trial. The record supports the state court's determination. The affidavits of petitioner's family members do not establish that, had they been called to testify, their testimony would have been favorable to petitioner's defense as to guilt or innocence or resulted in a more lenient punishment. *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993). Counsel is not ineffective under *Strickland* by failing to call witnesses with cumulative and irrelevant testimony. *Harris*, 408 F.3d at 191. The presentation of testimonial evidence is a matter of trial strategy and counsel's decisions in this regard are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Strickland*, 460 U.S. at 689.

11

Petitioner claims appellate counsel was ineffective by failing to raise his ineffective-assistance claims on appeal. However, under Texas jurisprudence, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. Furthermore, petitioner fails to identify any arguably meritorious grounds upon which he was likely to prevail on appeal. Thus, appellate counsel's performance was not objectively unreasonable for failing to raise the claims on appeal.

Petitioner presents no compelling argument or evidence to rebut the state courts' adjudication of his claims, and there is nothing in the record to suggest that but for counsel's alleged acts or omission, the jury would have acquitted petitioner or that he would have prevailed on appeal. Petitioner has not met his burden of overcoming the strong presumption that his counsel was competent. Even if he could show deficient performance, he has not demonstrated that but for counsel's acts or omissions the outcome of his trial or appeal would have been different in light of the overwhelming evidence of his guilt.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 17, 2010.

_____
JOHN McBRYDE
United States District Judge